UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REV. EARNEST LEE HOBLEY

      Plaintiff                                        Civil Action No. 1:05-cv-2190

Vs.

KFC U. S. Properties, Inc.                    Hon. Rosemary M. Collyer

      Defendant

## THE PLAINTIFF'S MOTION IN OPPOSITION OF DEFENDANT'S MOTION TO ENFORCE ARBITRATION AGREEMENT AND DISMISS COMPLAINT, AND TO SANCTION PLAINTIFF FOR VEXATIOUS LITIGATION

COMES NOW Rev. Earnest Lee Hobley, Plaintiff pro se in the above captioned matter and in support of this motion states as follows:

1. There is no agreement of any kind signed by parties to this action.

2. If there is no valid agreement, there cannot be any binding commitment to that which does not exist.

3. If arguendo, a valid agreement did in fact exist, it was clearly and indisputably breached by the defendant.

4. There is no employment issue to arbitrate.

5. If again, arguendo, this matter was subject to arbitration, Defendant has never articulated an issue that could or would be subject to arbitration. There is no provision in law or equity for an arrest and trial by the local government having exclusive jurisdiction on such matter and the criminal actions alleged, to be arbitrated by private, non-governmental corporation.

6. The Courts to date have been exceedingly and erroneously generous, in favor of a corporate giant and their interests, vis a vis the due process of a disadvantaged private party because of private party, pro se representation.



RECEIVED

NOV 17 2005

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

7. The relationship between the defendant's previously filed brief and the Court's previous ruling concerning the Plaintiff's false accusation claim and the instant case of KFC breaching their own arbitration agreement is akin to comparing apples, not with oranges, but apples with polar bears.

8. The plaintiff respectfully requests the Court to note that the Plaintiff was framed, falsely arrested and not given the opportunity to arbitrate, because the Defendant, KFC chose not to arbitrate, therefore breaching any arbitration agreement the parties may have had.

9. On February 6, 2004, the DC Superior Court ruled (America vs. Hobley) that there was no probable cause for the Plaintiff's arrest. DC Superior Court concluded that the Plaintiff was innocent of his former employer's allegations of theft.

10. The Court has traditionally held that torts committed after employment cases may be arbitrated *only* **if the claim involves significant aspects of the employment relationship and that a primary issue in resolving the claims was the truth of the employer's statement. KFC's statements in this matter have undeniably proven to be demonstrably false.**

11. Due process of the law expands with jurisprudential attitude and obligation for Fundamental fairness. The current ruling of the Court does not support this concept. **In order for the Court to support KFC's argument concerning Fleck, Morgan and Aspero, the Court must ignore the Superior Court's ruling that the Plaintiff was found innocent, and operate from the premise that the Plaintiff is guilty of the crime of theft.**

12. In the respectful opinion of the Plaintiff, this is a clear example of discriminatory animus due to the fact that the Plaintiff is African-American and a represents himself in a pro se status.

13. The Court of Appeals ruling on September 9, 2005 confirming the U.S. District Court's ruling on October 6, 2004 is a prime example of discriminatory animus.

## INTRODUCTION

KFC states that is beyond dispute that KFC twice executed a legally enforceable agreement with Rev. Hobley to arbitrate "any and all claims" arising between KFC and the Plaintiff including any claims concerning compensation and employment.

1. KFC failed to adhere to the plain language of their own **"Agreement to arbitrate"** clause, namely, KFC and I agreement to use confidential binding

arbitration for any claim that arises between me and KFC. KFC further violated the condition to (1) present claims in full written detail to the KFC Human Resource depart (ii) pursue to completion and KFC internal review process; and (iii) **to pursue to completion** any external administrative remedy (such as with the Equal Opportunity Commission. (Emphasis added).

Further, under the heading **"KFC Restaurant Cash and Security Guidelines,** of the alleged Arbitration agreement, it is again clearly stated that a "breach of the KFC Restaurant Cash and Security Guidelines may result in corrective action **up to and including termination of employment ".** (Emphasis added).

Again, KFC completely, clearly and absolutely breached their own alleged Arbitration Agreement by exceeding the **Up To Termination,** limit by charging the plaintiff with a criminal felony in the District of Columbia Superior Court.

## STATEMENT OF FACTUAL BACKGROUND

Plaintiff, Rev. Earnest Lee Hobley is a former employee of KFC. KFC claims that Rev. Hobley and KFC agreed, in writing, to use a binding arbitration agreement for any claims that arose between KFC and the Plaintiff, Rev. Earnest Hobley concerning compensation, employment or termination of employment.

KFC restaurant's cash and security guidelines under the arbitration agreement states that the violation of the restaurant's cash and security guidelines may result in corrective action up to and including termination of employment.

The arbitration agreement between the Plaintiff and KFC was breached by KFC on February 28, 2003 when KFC"s general manager Mr. Olu Adepegba reported a lie to the metropolitan police that on February 7, 2003, Rev. Hobley had had stolen $1,589.12 of KFC's funds.

Because KFC breached their arbitration agreement, the Plaintiff, Rev. Hobley was falsely arrested, maliciously prosecuted, suffered defamation of character and damage to his impeccable reputation as a Christian minister.

On April 11, 2003, the D.C. Department of Employment Services found that the allegations made by KFC employee general manager Olu Adepegba were not true, thus the Plaintiff, Rev. Hobley received unemployment compensation.

On February 6, 2004, the D. C. Superior Court ruled (America vs. Hobley) that there was no probable cause for the Plaintiff's arrest. D.C. Superior Court concluded that the Plaintiff, Rev. Hobley was innocent of the employer's allegations of theft.

Moreover, D.C. Superior Court concluded and ruled that Rev. Hobley was not responsible for KFC's missing deposit for the morning of February 2, 2003 and that Mr.

Adepegba's allegations of theft were not true. In addition, D.C. Superior Court indicated that Mr. Adepegba himself could have been a suspect regarding the "missing funds".

## ARGUMENT

An agreement binds two or more parties. The defendant, KFC had the first opportunity to arbitrate, but chose **not** to do so when they filed criminal charges against Rev. Hobley (America vs. Hobley). The arbitration agreement was breached by KFC when they chose to file a criminal complaint in America vs. Hobley. KFC did not arbitrate or attempt to arbitrate the alleged theft of their funds. KFC prosecuted, thereby violating and voiding any agreement that KFC may have had. KFC cannot have it both ways i.e. binding on Rev. Hobley, but not binding on KFC. According to KFC in their appellate brief, "both parties must arbitrate any employment disputes or neither party has an obligation to arbitrate". That is the law cited by KFC and that is the law violated by KFC. This fact alone defeats any consideration for a valid arbitration agreement.

The only justifiable reason that KFC can state for not arbitrating the allegation of theft against Rev. Hobley is that KFC decided that this matter was not an employment issue subject to any binding arbitration agreement at that time. Therefore, because KFC decided that this matter was not an employment issue, which was subject to any arbitration agreement, **then,** this matter cannot be seen as an employment issue, which is subject to any arbitration agreement **now.**

KFC attempts to mislead the Court on the issue concerning KFC breaching their own arbitration agreement by claiming that the authorities determine that Rev. Hobley was a suspect in the theft of KFC's missing funds.

The fact is that the authorities determined just the opposite; that Rev. Hobley was not involved in the theft of KFC's funds, and played no part in these funds being missing. KFC put forward this argument in order to cover up the true reason for the Plaintiff law suit, KFC is guilty of breaching any agreement that the parties may have had by charging the Plaintiff with a criminal felony in the D.C. Superior Court as opposed to giving the Plaintiff the opportunity to arbitrate, had he chosen to do so.

## SUMMARY

KFC completely, clearly and absolutely breached their own alleged arbitration agreement Exceeding the "Up To Termination", limit by charging the Plaintiff with a criminal felony in the D.C. Superior Court. It is well documented and known to the Court, the Plaintiff was in fact arrested, charged, tried and found innocent of the frequently charges brought against him by KFC general manager Mr. Olu Adepegba. KFC knew that the charges were false, nevertheless during all of the prosecution attempts of KFC, the matter of ARBITRATION that KFC is now so avid in pursuing was not offered, discussed or pursued in any manner. How then can the Court now find that the Plaintiff is bound by an arbitration agreement in resolving this matter? How or why is it that the Plaintiff is

not entitled, by rule of law and as a matter of equity to pursue the same forum for relief that was afforded to KFC. The Plaintiff is forced to concede to terms and conditions that KFC is free to ignore. In this instant matter, it is simply a case of one party to any alleged agreement must adhere to each and every aspect, whether any such aspect is stated or not; and the other party to the agreement may ignore each and every aspect of the alleged agreement as they see fit.

### **CONCLUSION**

KFC deliberately attempted to mislead the Court by claiming that the Plaintiff's argument in this instant matter (KFC breaching their own arbitration agreement) is analogous to the plaintiff's argument in his previously filed brief concerning his false accusation claim, therefore, is subject to the ruling made by the U. S. District Court on October 26, 2004 and the ruling made by the Court of Appeals on September 9, 2005.

KFC deliberately attempted to mislead the Court by claiming that the ruling made by the U. S. District Court on Oct 26, 2004 and the ruling made by the Court of Appeals on September 9, 2005 should be the same in this instant matter, rings hollow. The Courts' rulings were based upon KFC's argument concerning the Plaintiff's false accusation claim **and not** the Plaintiff's argument concerning KFC breaching their own arbitration agreement. KFC breaching their own arbitration agreement has never been addressed or adjudicated by neither U. S. District Court or the Court of Appeals.

It is to be noted that KFC presented no Points Of Authorities to support this nonsensical motion to enforce an arbitration agreement and dismiss the complaint and to sanction the Plaintiff for vexatious litigation. Therefore, this is no legal nexus to support KFC's argument in this instant matter and without such legal nexus there is no valid basis for the Court to deny the Plaintiff, Rev. Hobley the right to exercise his constitutional right to equitable relief in a Court of competent jurisdiction.

WHEREFORE, the premises considered, Plaintiff respectfully requests that:

1. Defendant's Motion To Enforce Arbitration Agreement and Dismiss Complaint, And To Sanction Plaintiff For Vexatious Litigation be dismissed with prejudice; and,

2. Plaintiff, Rev. Earnest Hobley respectfully requests this Court to dismiss KFC's arbitration agreement claim and Grant the Plaintiff, Rev. Earnest Hobley the right to exercise his Constitutional rights for equitable relief in a Court of competent jurisdiction.

2. For such other and further relief as to this Honorable Court seems just and proper.

Respectfully submitted,

*Pro se* Rev. Earnest Lee Hobley
413 Longfellow Street, N.W.
Washington, D.C. 20011
(301) 237-3564

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **THE PLAINTIFF'S MOTION IN OPPOSITION OF DEFENDANT'S MOTION TO ENFORCE ARBITRATION AGREEMENT AND DISMISS COMPLAINT, AND TO SANCTION PLAINTIFF FOR VEXATIOUS LITIGATION** was mailed on November 21, 2005 to the following:

Attorney Eric J. Pelton
280 North Old Woodward Avenue, Suite 400
Birmingham, Michigan 48009-5394

Rev. Earnest Lee Hobley