# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| **No. 06-7016** | **September Term, 2005** |
| | 05cv00521 |
| | 05cv00522 |
| | 05cv00523 |
| | 05cv00608 |
| | 05cv01003 |
| | 05cv01551 |
| | 05cv01552 |
| | 05cv01574 |
| | 05cv01707 |
| | 05cv01708 |
| | 05cv02190 |

**MANDATE**
Pursuant to the provisions of Fed. R. App.Pro.41(a)
ISSUED: 10/27/06
BY:
ATTACHED: ___ Amending Order
___ Opinion
___ Order on Costs

**Filed On:**

Earnest Lee Hobley, Rev.,
  Appellant

v.

KFC U.S. Properties, Inc.,
  Appellee



UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
FILED JUL 2 5 2006
CLERK

Consolidated with 06-7017, 06-7018, 06-7019,
06-7020, 06-7021, 06-7022, 06-7023, 06-7024,
06-7025, 06-7026

**BEFORE:** Ginsburg, Chief Judge, and Randolph and Tatel, Circuit Judges

### O R D E R

Upon consideration of the motion for summary affirmance and the opposition thereto, it is

**ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). The district court properly held that appellant's claims in Civil Action Nos. 05-521, 05-522, 05-523, 05-608, 05-1003, 05-1551, 05-1552, 05-1707, and 05-2190, are barred by the doctrine of res judicata, also known as claim preclusion. See Allen v. McCurry, 449 U.S. 90, 94 (1980) ("[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."); Apotex, Inc. v. FDA, 393 F.3d 210, 217-18 (D.C. Cir. 2004) (barring further claims based on the same "nucleus of facts"). Because the cases are all based on the same facts, the final judgments in appellant's prior civil actions bar the current suits, even

## United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 06-7016**                                                **September Term, 2005**

though appellant relies on different legal theories. <u>Hobley v. Kentucky Fried Chicken, Inc.</u>, No. 04cv0314 (D.D.C. Aug. 3, 2004) (granting appellee's motion to enforce arbitration agreement and dismissing claims related to appellant's final paycheck); <u>Hobley v. Kentucky Fried Chicken, Inc.</u>, No. 04cv0492 (D.D.C. Oct. 26, 2004), <u>aff'd</u>, No. 04-7202 (D.C. Cir. Sept. 9, 2005) (holding that the district court correctly determined that appellant's false accusation claim involves "significant aspects" of his employment relationship and is within the scope of the arbitration agreement), <u>cert. denied</u>, 126 S. Ct. 2058 (May 15, 2006); <u>see</u> <u>Page v. United States</u>, 729 F.2d 818, 820 (D.C. Cir. 1984) ("[I]t is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies." (citations omitted)).

Furthermore, the district court correctly determined that the statements at issue in Civil Action Nos. 05-1574 and 05-1708, allegedly made by appellee's counsel in open court and in legal pleadings, are protected by the doctrine of absolute immunity for statements in judicial proceedings. <u>See</u> <u>United States v. Hurt</u>, 543 F.2d 162, 167 (D.C. Cir. 1976).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

<u>Per Curiam</u>

*[signatures]*